(February 27, 1995)

■ In the Matter of JAMES F. CARNEY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [624 NYS2d 969] —Per Curiam. Respondent was admitted to the practice of law by this Court in 1981. He was previously admitted to practice in New Jersey in 1972.

Petitioner, the Committee on Professional Standards, moves to reciprocally discipline respondent pursuant to section 806.19 (22 NYCRR 806.19) of this Court's rules by reason of his public reprimand by the Supreme Court of New Jersey in an order dated October 4, 1994. Respondent does not dispute the facts as found by the New Jersey disciplinary authorities but asks this Court not to impose discipline more severe than was imposed in New Jersey.

The Supreme Court of New Jersey publicly reprimanded

respondent because he failed to reveal to a client that the financial consultant to whom respondent referred her for advice regarding the investment of a substantial settlement was respondent's wife. The New Jersey court also ordered respondent to pay the client $7,500 in restitution, an amount representing the financial loss sustained by the client when she rescinded some of the investments (prior to discovering the spousal relationship) and the $1,500 commission earned by the consultant. Respondent negotiated the settlement in the course of representing the client in a wrongful death action in New York.

In view of the ample findings of fact and conclusions of law supporting the imposition of discipline in New Jersey and respondent's acquiescence in them, we conclude that it would not be unjust to reciprocally discipline respondent. We further conclude that the ends of justice will be served by imposing upon respondent the same discipline in this State as was imposed in New Jersey. We therefore grant petitioner's motion and hereby censure respondent.

Crew III, J. P., White, Casey, Peters, and Yesawich Jr., JJ., concur. Ordered that respondent be and hereby is censured.