■ In the Matter of C. COMPTON SPAIN, Petitioner, v WILLIAM B. BRAATZ, Respondent. [630 NYS2d 928] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated October 29, 1993, which summarily adjudged the petitioner guilty of criminal contempt of court and imposed a fine of $250.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Upon review of the record, we find that petitioner was properly adjudged guilty of criminal contempt, and further, that the "spirit and purpose" of 22 NYCRR 701.2 (c), requiring that an accused be given an opportunity to "make a statement in his defense or in extenuation of his conduct", was met in this case (22 NYCRR 701.2 [c]; *see also, Matter of Werlin v Goldberg*, 129 AD2d 334). Mangano, P. J., Bracken, Sullivan, Balletta and O'Brien, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALBERTO BURGOS and WINSTON HERNANDEZ, Respondents. [630 NYS2d 247] —Appeal by the People from an order of the Supreme Court, Queens County (Corrado, J.), dated November 16, 1993, which granted the defendants' motions pursuant to CPL 30.30 to dismiss the indictment on speedy trial grounds.

Ordered that the order is affirmed.

Under the circumstances of this case, the People's statement of readiness for trial, which was made simultaneously with the filing of the indictment approximately seven weeks before the defendants' arraignment, did not toll the running of time for speedy-trial purposes (*see, People v England*, 84 NY2d 1). Accordingly, the Supreme Court properly dismissed the indictment due to the People's failure to be ready for trial within six months of the commencement of the action against the defendants (*see,* CPL 30.30 [1] [a]; *People v Leavy*, 204 AD2d 898). Bracken, J. P., Balletta, Pizzuto and Krausman, JJ., concur.