[697 NYS2d 691]

In the Matter of CHARLES COMPTON SPAIN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 1, 1999

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Faith Lorenzo* of counsel), for petitioner.

*Brennan, Fabriani & Novenstern, L. L. P.,* Mount Kisco (*Sylvia L. Fabriani* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition that contained three charges of professional misconduct against him. In his amended answer, the respondent admitted all but one of the factual allegations contained in the petition and denied that he was guilty of any professional misconduct. After the hearing, the Special Referee sustained all three charges against the respondent. The Grievance Committee now moves to confirm the Special Referee's report. The respondent cross-moves to confirm the Special Referee's report insofar as it sustained Charges One and Two and to. disaffirm the report insofar as it sustained Charge Three.

Charge One alleged that the respondent has been convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b).

On or about October 22, 1993, during the trial of *People v Jennifer Harris,* Putnam County Court Judge William B. Braatz summarily found the respondent ·to be in criminal contempt of court pursuant to Judiciary Law § 750 (A) (1). Judge Braatz memorialized his finding in an order dated October 29, 1993. The court found that the respondent engaged in disorderly, contemptuous, and insolent behavior during the court's sitting, in its immediate view and presence, and directly tending to interrupt its proceedings and impair the respect due its authority. The respondent was fined $250 pursuant to Judiciary Law § 751 (1).

By a notice of petition and petition dated February 8, 1994, the respondent brought a proceeding pursuant to CPLR article 78 to set aside Judge Braatz's decision. By a decision and order dated July 24, 1995, the Appellate Division, Second Department, unanimously confirmed Judge Braatz's determination and dismissed the petition (*Matter of Spain v Braatz,* 217 AD2d 661). The respondent's application for leave to appeal to the Court of Appeals was denied by order dated November 30, 1995.

Charge Two alleged that, based on the factual allegations contained in Charge One, the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (now

[7]) (22 NYCRR 1200.3 [a] [7]), and conduct that is prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Three alleged that the respondent is guilty of violating Judiciary Law § 90 (4) (c) and/or conduct that is prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

The respondent failed to report his conviction to the Appellate Division within 30 days, as required by law.

In view of the evidence adduced at the hearing and the respondent's admissions, including his concession that he did not report his conviction to the Appellate Division within 30 days, all three charges of professional misconduct against the respondent were properly sustained.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that it is not widely understood by the Bar that an adjudication of criminal contempt under the Judiciary Law is a crime or that a Judge's decision and order finding an attorney in contempt is a record or certificate of conviction that must be filed with the Appellate Division. The respondent also asks the Court to consider the Special Referee's finding that he is contrite and unlikely to engage in such misconduct again. Moreover, the respondent acknowledges that his conduct before Judge Braatz was not appropriate.

The respondent has a previously unblemished disciplinary record.

Under the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and GOLDSTEIN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to confirm in part and disaffirm in part the report of the Special Referee is granted insofar as Charges One and Two are sustained and is otherwise denied; and it is further,

Ordered that the respondent, Charles Compton Spain, is censured for his professional misconduct.