■ In the Matter of FRANCIS E. FERRO, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [718 NYS2d 221] —Per Curiam. Respondent was admitted to practice by this Court in 1972. He maintains an office for the practice of law in the Town of Marlborough, Ulster County.

Respondent is also a member of the Florida Bar. Pursuant to an order of the Florida Supreme Court, respondent was publicly reprimanded in that State on September 7, 2000, for having been found in criminal contempt of court on September 3, 1999, by the United States District Court for the Northern District of Florida. According to the written public reprimand, the conduct giving rise to the contempt citation involved respondent's failure to obey the court's order to pay costs and attorney's fees for failure to make discovery, and failure to attend hearings and show cause why he should not be held in contempt. The District Court sentenced respondent to perform 60 hours of community service which he completed at the New Paltz Youth Center in Ulster County. Although the District Court found that respondent had willfully failed to pay the sanctions, it chose not to adjudicate respondent in criminal contempt of court for nonpayment, noting that respondent had filed a petition in bankruptcy.

Petitioner moves to reciprocally discipline respondent (*see*, 22 NYCRR 806.19). Respondent has filed a verified statement in response which sets forth relevant circumstances but which does not establish any of the defenses to reciprocal discipline (*see*, 22 NYCRR 806.19 [c]).

We grant petitioner's motion and conclude that the ends of justice will be served by imposing upon respondent the same discipline in this State as was imposed in Florida, namely a censure (*see, e.g., Matter of Spain*, 261 AD2d 64; *Matter of Carney*, 212 AD2d 956).

Crew III, J. P., Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is censured.