OPINION OF THE COURT
Chief Judge Kaye.
In People v Kendzia (64 NY2d 331, 337), we held that a valid statement of readiness for trial under CPL 30.30 requires a communication of readiness on the record at a time when the People are in fact ready to proceed. On this appeal, *3 we consider the narrow issue whether the People can validly answer ready where, wholly as a result of their own conduct defendant could not be arraigned, and thus trial could not commence, within the statutory time period.
On June 24, 1992, defendant was arrested on a felony complaint charging her with burglary in the third degree. She was arraigned in Oswegatchie Town Court and released under the supervision of the St. Lawrence County Probation Department. On December 24, 1992, a full six months after the filing of the felony complaint, the St. Lawrence County Grand Jury —as it was being discharged, after approximately 2 Vi months of service — handed up an indictment charging defendant with burglary in the second and third degrees and grand larceny in the third and fourth degrees. That indictment and 23 other indictments returned at the same time were filed that day in St. Lawrence County Court. With the indictments, the People filed notice of readiness for trial and declared readiness in all 24 cases.
On December 30, defendant sought dismissal of the indictment for failure to comply with CPL 30.30 alleging that, by the time of the scheduled arraignment — January 7, 1993 — 196 days would have elapsed from the commencement of the criminal action. The court found no excludable preindictment periods, and the People claimed no exclusion for the period between indictment and arraignment. County Court granted defendant’s motion and dismissed the indictment. The Appellate Division affirmed, noting that the timing of the People’s presentation to the Grand Jury was within the control of the People. As stated by the Appellate Division, in opposing defendant’s motion to dismiss "the People failed completely to offer any excuse or explanation for that delay, resulting in the reporting of the indictment on the last day of the period within which the People were required to be capable of bringing defendant to trial under CPL 30.30. Thus, it was the People’s unexplained laxity in obtaining an indictment that 'was a direct, and virtually insurmountable, impediment to the trial’s very commencement’ within the statutory period (People v McKenna, [76 NY2d 59,] 64)” (195 AD2d 751, 753 [Levine, J.]).
The sole question before us is whether, in the unusual circumstances presented — where, owing entirely to the People’s delay, no indictment was handed up for the full six months — the People could prior even to defendant’s arraign *4 ment genuinely have declared trial readiness. We agree with both County Court and the Appellate Division that the People’s announcement of readiness was insufficient to satisfy CPL 30.30, and conclude that the indictment therefore was correctly dismissed.
CPL 30.30 requires dismissal of a felony indictment where the People are not ready for trial within six months of the commencement of the criminal action (CPL 30.30 [1] [a]). The statutory period, 183 days in this case, commenced with the filing of the felony complaint on June 24, 1992 (see, People v Sinistaj, 67 NY2d 236, 237), and expired on December 24, 1992. County Court determined that all of that time was chargeable to the People, a holding not questioned on appeal.
There is no dispute that the People made a facially sufficient declaration for the record on December 24, 1992 by serving written notice of readiness upon defense counsel and declaring readiness in open court. Appellant’s challenge centers instead on whether the People were presently ready to try this defendant at the time they made the declaration. A statement of readiness at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock (see, People v Cole, 73 NY2d 957, 958).
We have on several occasions made clear that readiness is not defined simply by an empty declaration that the People are prepared to present their direct case. Trial readiness in CPL 30.30 means both a communication of readiness by the People on the record and an indication of present readiness (Kendzia, 64 NY2d, at 337). The inquiry is whether the People have done all that is required of them to bring the case to a point where it may be tried (see, People v McKenna, 76 NY2d 59, 64-65, and n, supra). The People are not presently ready for trial, for example, where they fail to provide Grand Jury minutes necessary for resolution of defendant’s motion to dismiss (see, McKenna, 76 NY2d, at 64) or where they fail to produce an incarcerated defendant for trial (see, Cole, 73 NY2d, at 958; People v Jones, 66 NY2d 529, 539-540). Delays caused by court congestion, on the other hand, do not affect the People’s readiness (see, People v Smith, 82 NY2d 676, 678; People v Correa, 77 NY2d 930, 931; People v Brothers, 50 NY2d 413, 417; People ex rel. Franklin v Warden, 31 NY2d 498, 501-502).
Defendant could not have been brought to trial before arraignment, the process by which the court acquires jurisdic *5 tian over a defendant (CPL 1.20 [9]). That is an elemental prerequisite to trial readiness. Here, the undisturbed factual finding is that the long delay was directly attributable not to defendant or court congestion, but to the People’s laxity in securing an indictment that provided a jurisdictional basis for the court to act at all. With arraignment within the statutory period impossible (see, CPL 210.10 [2]), the People’s statement of readiness for trial on December 24, 1992 was meaningless (see, Cole, 73 NY2d, at 958). In the circumstances, the People could not validly declare readiness until January 7, 1993 at defendant’s arraignment, entitling defendant to dismissal of the indictment. As the Appellate Division noted, "[pjostreadiness delay is not chargeable to the People when prosecutorial laxity merely affects the defendant’s ability to proceed to trial, but will be chargeable when such laxity, even if inadvertent, constitutes a direct impediment to commencement of the trial (see, People v McKenna, [76 NY2d, at 64]; People v Anderson, 66 NY2d 529, 536-538; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, at 174)” (195 AD2d 751, 752, supra).
The nub of our disagreement with the dissent is a simple one, amply supported by our case law: that the statement "ready for trial” contemplates more than merely mouthing those words. Where the trial court and Appellate Division have found the relevant period to be entirely chargeable to the unexplained laxity of the People, the announcement of trial readiness before defendant was even brought before the court can only be an empty declaration, insufficient to satisfy CPL 30.30.
Accordingly, the order of the Appellate Division should be affirmed.