*235 OPINION OF THE COURT
W. Patrick Falvey, J.
This case appears to be one of first impression regarding the further application of People v England (84 NY2d 1).
Defendant, Marie C. Crandall, was indicted for one count of grand larceny in the third degree, in violation of Penal Law § 155.35, a class D felony; two counts of falsifying business records in the first degree, in violation of Penal Law § 175.10, both class E felonies.
Defendant now moves, by notice of motion, dated December 9, 1994, for an order dismissing the indictment for failure to provide a speedy trial pursuant to CPL 30.30. The District Attorney opposes the application and a hearing was held on January 6, 1995 regarding this issue.
Based on the defendant’s motion papers, the District Attorney’s affidavit in opposition, the hearing and all the proceedings herein the court decides as follows:
The facts are undisputed that the defendant was arrested and arraigned on July 20, 1993 in the Waterloo Town Court on a felony complaint dated and filed the same day.
The Town Justice advised the defendant of her rights to an attorney and her right to an adjournment to seek an attorney. However, he did not advise her that she had the right to assigned counsel, nor did he advise her of the consequences of a continuance on her speedy trial rights under CPL 30.30 (4) (b).
The defendant requested an attorney whereupon she was committed to the Seneca County Jail without bail for an appearance on July 22, 1993.
The Justice testified that the July 22nd appearance was to complete the arraignment which at that time would also include advising her of her rights to an assigned counsel. Before that day, the Justice believes he got a call from an attorney and as a result he released the defendant on her own recognizance.
The defendant never appeared on July 22, 1993 nor did any defense attorney contact the court. There was never a waiver of Grand Jury, nor did the defendant ever appear again. Thus the arraignment was never completed and the court never issued a warrant for the defendant’s arrest.
The former Public Defender, Thomas Jones, testified that he got this case the day of or the day after the defendant’s arrest, i.e., July 20th or 21st.
*236 He stated that the day before, he arranged with the District Attorney for an order releasing the defendant on her own recognizance. However, he never contacted the Judge nor did the Judge ever contact him to appear in court.
The Seneca Grand Jury handed up an indictment on January 19, 1994, one day before the expiration of the six months under CPL 30.30.
At this time the District Attorney "noted” ready on the indictment and sent a letter dated January 19, 1994, to the Public Defender stating the arraignment was to be on February 1, 1994 and that the People were "ready for trial”. The People also announced "ready” at the defendant’s arraignment on February 1, 1994.
The defendant argues that she was denied a speedy trial because the People failed to properly announce readiness until February 1, 1994 or 196 days after arrest, 12 days over the six-month period (July 20, 1993-Jan. 20, 1994 or 184 days).
Furthermore, the hand up being on the next to the last day was too late in accordance with People v England (84 NY2d 1, supra) since the People could not in reality be ready for trial since the defendant had not appeared for arraignment.
The excludability of any period of prereadiness delay is a question on which the prosecution has the burden of proof and in order for them to prevail they must prove their entitlement to an exclusion during a specific period, i.e., July 20, 1993-January 19, 1994 (e.g., People v Santos, 68 NY2d 859; People v Berkowitz, 50 NY2d 333).
The People argue that one day should be excluded since the Public Defender didn’t come into this case until July 21, 1993. However, this one day is not excludable since the lower court failed to advise her of the effect of a continuance (CPL 30.30 [4] [b]) nor did he advise the defendant of her right to assigned counsel, making CPL 30.30 (4) (f) inapplicable.
The People also argue that the postreadiness delay from January 19, 1994 to February 1, 1994 is excludable because it was due to court congestion. The court rejects this argument in that the clerks of the court are not responsible for counting time for speedy trial purposes. In fact, they couldn’t, as they would not know when a particular time period began to run. And here, the court clerk testified that the District Attorney never advised her that the arraignment could not be later than January 20, 1994.
The court, not the District Attorney, is responsible for *237 setting the arraignment date and arranging for an at-liberty defendant to be noticed (CPL 210.10 [2]).
However, it is the responsibility and within the sole control of the People to move a case in a timely manner to indictment or face the consequences of their delay unless the time is otherwise excusable under CPL 30.30.
In fact, delays caused by the court, such as delays in an arraignment or other court congestion, do not excuse the People from timely declaring their readiness for trial. (See, People v Correa, 77 NY2d 930, 931; People v Brothers, 50 NY2d 413, 417.) But the People can avoid being charged with prereadiness delay occasioned by court scheduling by filing a certificate of readiness (see, People v Tavarez, 147 AD2d 355, 356, lv denied 73 NY2d 1022) or making a statement of readiness in open court. (People v Kendzia, 64 NY2d 331, 337.)
Clearly the People complied with Kendzia (supra) in this case but that was also the case in People v England (supra), where the indictment was handed up on the last day of the sixth-month period. Here the indictment was handed up on the penultimate day of the statutory sixth-month period.
Upon a reading of England (supra) and under the facts presented the People have failed to satisfy their burden of proving entitlement to any time exclusions. Therefore, they are fully chargeable with the time from arrest to arraignment on the indictment, a period of 196 days, 12 days beyond the statutory period.
Here, the People had no impediment to presenting for an earlier indictment, nor did they specifically ask for an arraignment date no later than January 20, 1994.
Although England (supra) seems to alter the method of tolling prereadiness delay, the Court of Appeals appears to be saying that if the People cannot explain their laxity in obtaining an indictment, that laxity is a direct and virtually insurmountable impediment to the trial’s very commencement within the statutory period, for clearly a defendant cannot be brought to trial before arraignment.
Even though the defendant could have been arraigned on January 19th or 20th, the long delay in Grand Jury action was directly attributable not to court congestion but to the People’s laxity in securing an indictment that provided a jurisdictional basis for the court to act at all.
In addition, the fact that the next available court date was beyond the six months cannot be considered court congestion *238 in that at "hand up” there were less than two days left before expiration of the sixth month. Therefore, the People’s delay created the situation in which the court could not properly give this defendant two days’ notice for arraignment pursuant to CPL 210.10 (2). This had the effect of making an arraignment within the sixth-month period a statutory "impossibility”.
Based on the foregoing the People have failed to meet their burden in tolling the six months. Therefore, the indictment against the defendant is dismissed for denial of a speedy trial under CPL 30.30.