OPINION OF THE COURT
James A. Yates, J.
Six months elapsed between commencement of this criminal *576 action and defendant’s arraignment in Supreme Court upon the indictment. He now moves for dismissal pursuant to CPL 30.30. At issue is a two-day adjournment from January 4, 1995 to January 6, 1995 for the purpose of his Supreme Court arraignment. The People declared themselves ready on January 4th, but the defendant did not appear in court for arraignment upon the indictment until January 6th.
The Court of Appeals recently held, in People v England (84 NY2d 1 [1994]), that a declaration of readiness on the date an indictment was filed was ineffective, where the People took no action to schedule the defendant’s arraignment within the six months allotted by CPL 30.30. Here, however, the People filed the indictment 17 days before the expiration of the statutory time period and made reasonably diligent efforts to advance the date of arraignment. As a result, the period of delay due to scheduling difficulties will not be charged to the People.
The People declared themselves "ready” for trial in open court on January 4th, a date which they had scheduled, with the assistance of the court clerk, for arraignment. On that date the defendant did not appear and a bench warrant was ordered and stayed.[1] Defendant, citing England (supra), argues that the People’s statement of readiness on January 4th was illusory. This is so, he maintains, because he was not personally notified that his previously scheduled court date of January 6th had been advanced to January 4th, and that, as a result, he was not arraigned on the indictment until January 6th.
As explained below, however, the instant case is readily distinguishable from England (supra), where the delay of defendant’s arraignment subsequent to the People’s declaration of readiness was attributable solely to the "unexplained laxity of the People”. (People v England, supra, at 5.) Here, although Oliver London was not arraigned until January 6th, the People’s declaration of readiness on January 4th was nevertheless valid, since, having already filed the indictment, they made reasonable efforts to secure his appearance in court on that date.
FINDINGS OF FACT
The defendant was arrested on July 5, 1994. On July 6, 1994 he was arraigned on the felony complaint, which was filed *577 that same day. The case was then adjourned to July 11, 1994 for Grand Jury action. On July 11th there was no Grand Jury action and the case was adjourned to November 3, 1994. The defendant did not appear on November 3rd and a bench warrant was ordered and stayed. As there was still no Grand Jury action on that date, the case was adjourned to January 6, 1995.
On December 20, 1994 the indictment was filed off calendar, at which time the People requested the earliest possible arraignment date. Shortly thereafter, the Supreme Court clerk’s office contacted the assigned Assistant District Attorney and advised her that defendant’s arraignment date could not be scheduled any earlier than the previously scheduled date of January 6th, unless the Assistant and defense counsel agreed upon a mutually convenient date.
On December 27, 1994 the Assistant telephoned defense counsel and advised him that an indictment had been voted and that the People wanted to advance the case for arraignment. Defense counsel stated he was on vacation and that January 4, 1995 was the earliest date on which he could be available for defendant’s arraignment. He further advised the Assistant that it would be "virtually impossible” to contact the defendant and advise him that his case had been advanced to January 4th.[2] The Assistant advised the clerk’s office of this conversation and the case was advanced to January 4th and calendared for that date.
Although defense counsel appeared in court on January 4th, his client did not, and a bench warrant was stayed at counsel’s request. On that date the People filed a certificate of readiness and, in addition, announced their readiness for trial on the record in open court. The People do not dispute defendant’s contention that he was not personally notified that his case had been advanced.
The defendant appeared in court on the originally scheduled court date of January 6, 1995. He was then arraigned on the indictment and the People again answered "ready” on the record at that time.[3]
*578 CONCLUSIONS OF LAW
For speedy trial purposes, the instant action is deemed to have commenced with the filing of the felony complaint rather than, as the defendant contends, on the date of his arrest. (People v Stiles, 70 NY2d 765 [1987]; People v Rhee, 111 AD2d 655 [1st Dept 1985].) Thus, the People were required to be ready for trial within six months of the commencement of the action on July 6, 1994, absent excludable time. (CPL 30.30 [1] [a]; see also, People v England, supra.) Here, the six-month period expired on January 6, 1995, 184 days after the filing of the felony complaint. (See, People v Rhee, supra.) [4]
In calculating the number of includable days which have elapsed from the commencement of the criminal action, the court accepts the People’s concession that the following time periods, which total 182 days, are includable: (a) July 6, 1994 to July 11, 1994 (5 days); (b) July 11, 1994 to November 3, 1994 (115 days); and (c) November 3, 1994 to January 4, 1995 (62 days).[5]
With regard to the disputed adjournment from January 4th to January 6th, the People’s statement of readiness on January 4th was valid although the defendant was not arraigned until January 6th. The decision by the Court of Appeals in England (supra) does not require a different result.
In England (supra), the People simultaneously filed both the indictment and a certificate of readiness on Christmas Eve of 1992, a full six months after the filing of the felony complaint. Defendant then moved to dismiss the indictment pursuant to CPL 30.30 on December 30, 1992, on the ground that 196 days would have elapsed from the commencement of the action by the time of her "scheduled arraignment” on January 7, 1993. (People v England, supra, at 3 [emphasis added].) The Court of Appeals, in affirming the Appellate Division, Third Department’s order granting defendant’s motion, held that the People’s "unexplained laxity” in securing the indictment made "arraignment within the statutory period impossible”. (Supra [emphasis added].)
*579 As England (supra) makes quite clear, a statement of readiness is "meaningless” where a defendant cannot be timely arraigned "wholly as a result of [the People’s] own conduct”. (84 NY2d, at 3, supra [emphasis added].) However, the facts in the instant case are markedly different from those in England. There, the People attempted to "stop” the speedy trial clock on the last day of the statutory time period but made no effort to arrange for the defendant’s timely arraignment. In the case at hand, the People took reasonable steps in an attempt to ensure that the defendant was arraigned both within the statutory time period and prior to their announcement of readiness.
Over two weeks prior to the expiration of the statutory time period, the Assistant, having already filed the instant indictment, sought to have the Supreme Court clerk advance the scheduled arraignment date. Upon such an application, pursuant to CPL 210.10 (2), the court "must, upon at least two days notice to the defendant * * * direct the defendant to appear * * * for arraignment”.[6] Therefore, the arraignment could have been scheduled by the court clerk that week.[7] In addition, the Assistant contacted defense counsel a full week prior to the proposed advanced arraignment date of January 4th. While it is true that defense counsel advised the Assistant during this conversation on December 27th that it would be "virtually impossible” for him to contact the defendant, and the People do not dispute the defendant’s assertion that he was not personally advised that the case had been advanced, it cannot be said that the delay in defendant’s arraignment from January 4th to January 6th was a result of the People’s "unexplained laxity” or any failure to perform a duty required of them as a prerequisite to announcing readiness.[8]
*580 Thus, where, as here, the People take reasonable steps to schedule a timely arraignment and to ensure that the defendant has been so advised, their subsequent declaration of readiness on the advanced arraignment date is valid notwithstanding the fact that the defendant did not appear in court for the arraignment. (See, People v England, supra.)
In closing, it should be emphasized that the situation in this case is not to be confused with one where the defendant is “absent or unavailable” and thereby causes a delay in the proceedings. (CPL 30.30 [4] [c].) Here, as a matter of simple logic, the defendant, who had not received notice of the advanced court date, did not “attempt * * * to avoid apprehension or prosecution”. (Id.) Thus, the two-day delay is not excluded by dint of Mr. London’s absence or any failure on his part to appear on January 4th. More to the point, the People in this case do not seek to excuse a failure to announce readiness by reason of Mr. London’s absence. On the contrary, they assert, correctly, that their announcement of readiness on January 4th was not illusory because they had “done all that [was] required of them to bring the case to a point where it [could] be tried”. (People v England, supra, at 4.)
Accordingly, since the aggregate includable time is not in excess of six months, defendant’s motion is denied.

. In addition, on that date the People also filed with the court and served upon defense counsel a certificate of readiness.

. No evidence was presented to the court by either side concerning attempts by counsel to communicate with the defendant between December 20, 1994 and January 4, 1995.

. Defendant does not dispute the People’s contention that the adjournment from January 6th to February 10, 1995 is excludable since it was for him to file pretrial motions and the instant CPL 30.30 motion.

. Accordingly, since the defendant was arraigned on January 6th, the People were ready within the required time period and his motion would be denied in any event, even were he to prevail on his argument that the time period from January 4th to January 6th is includable.

. Although a bench warrant was ordered and stayed on November 3rd, the People concede that the time period from November 3rd to January 4, 1995 is includable.

. Apparently no application was made directly to the court supervising the Grand Jury, either for a warrant or to advance the case. Manifestly, the clerk, without direction from the court, was in no position to require mutual consent by the parties as a prerequisite to scheduling a court date. (See, CPL 210.10 [2].)

. December 20, 1994 was a Tuesday. For business other than arraignments, a one-week court holiday began at the close of business on December 23, 1994. However, Supreme Court Arraignment Parts were fully operational in New York County during the ensuing holiday week.

. Obviously, this case is to be distinguished from People v Jones (66 NY2d 529, 539-540 [1985]), where the burden was upon the People to produce an incarcerated defendant in their custody. In such a situation, it was impossible for the People to proceed to trial, and any declaration of readiness was therefore ineffective. Here, the People satisfied their obliga *580 tion under the statute by filing the indictment and malting reasonable efforts to advance the arraignment of the defendant, who was at liberty on his own recognizance.