OPINION OF THE COURT
Joel L. Blumenfeld, J.
Defendant moves to dismiss the information on the ground that he has been denied his statutory right to a speedy trial (CPL 170.30 [1] [e]; 30.30). Both issues in this case deal with the effect on speedy trial calculations of the People’s filing off calendar, initial and subsequent certificates of readiness. The first issue is whether the People can, off calendar, file a supporting deposition (thereby converting a misdemeanor complaint into an information) and announce their readiness for trial prior to the court deeming it an information and arraigning the defendant on the new accusatory instrument. The second issue is whether the People, after asking for a five-day adjournment, can, on the day after making the request, file a postreadiness certificate of readiness off calendar, and thereby only be charged with one day.
The criminal action commenced for speedy trial calculation purposes with the People filing a misdemeanor complaint on April 27, 1995, charging the defendant with operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2]), an unclassified misdemeanor.
Since the defendant is charged with an unclassified misdemeanor, which is deemed a class A misdemeanor (Penal Law § 55.10 [2] [b]; see, People v Matute, 141 Misc 2d 988), the People have 90 days of chargeable time in which to announce their readiness for trial (CPL 30.30 [1] [b]).
Both the People and defendant agree that the following 75 days are charged to the People: April 27 to June 19, 1995 (53 days); November 2 to 17, 1995 (15 days); December 14 to 15, 1995 (1 day); and February 20 to 26, 1996 (6 days).
I
The first period of delay in dispute is from June 19, 1995 to July 5, 1995. Previously, on June 7, 1995, the case was adjourned in order for the People to obtain a supporting deposition, convert the misdemeanor complaint and get ready for trial. On June 19, 1995, the People complied with People v Kendzia (64 NY2d 331) by filing off calendar the supporting de *865 position and a certificate of readiness with both the defense counsel and the appropriate court clerk. The People agree that they should be charged with the 15-day period of delay between June 4, 1995 and June 19, 1995. It is the period after which they complied with Kendzia that is in contention.
The defense does not challenge the People’s compliance with Kendzia (supra). Rather, their position is that the conversion of the complaint to an information and the People’s statement of readiness is insufficient absent the defendant being arraigned on the information. Essentially, they claim that until the defendant is arraigned, the court has no trial jurisdiction over the defendant thereby rendering the People’ statement of readiness premature for CPL 30.30 purposes. For this proposition the defense relies primarily on the Court of Appeals decision in People v England (84 NY2d 1).
The Court, in England (supra), framed the issue as follows: "In People v Kendzia (64 NY2d 331, 337), we held that a valid statement of readiness for trial under CPL 30.30 requires a communication of readiness on the record at a time when the People are in fact ready to proceed. On this appeal, we consider the narrow issue whether the People can validly answer ready where, wholly as a result of their own conduct defendant could not be arraigned, and thus trial could not commence, within the statutory time period.” (People v England, supra, at 2-3.)
The defense relies on the following in the England decision in support of its contentions: "Defendant could not have been brought to trial before arraignment, the process by which the court acquires jurisdiction over a defendant (CPL 1.20 [9]). That is an elemental prerequisite to trial readiness.” (People v England, supra, at 4-5.)
At the time the defendant filed this motion, their position appeared to be correct. However, just after the court received the motion papers the Court of Appeals, in People v Goss (87 NY2d 792), held that England was the exception to the rule and that the People, prior to arraignment, could announce their readiness (citing People v Correa, 77 NY2d 930). The Court limited the holding in England to the situation where, solely because of the People’s conduct it is impossible to arraign the defendant within the statutory time limit, the People cannot effectively announce their readiness for trial (People v England, supra). In England, the People "inexplicably” waited until the last day of the statutory time period in order to file an indictment. Since CPL 210.10 (2) requires that the defendant be given at least two days’ notice of the arraignment date on an indict *866 ment, arraignment was impossible within the statutory time limit and therefore a trial was impossible within the six-month statutory time limit making the statement of readiness meaningless.
As for whether this court had trial jurisdiction over the defendant without his being arraigned on the information, the clear answer is that it did.
This criminal action commenced with the filing of the misdemeanor complaint April 27, 1995. The filing of the misdemeanor complaint provided this court with preliminary jurisdiction under CPL 1.20 (25). The complaint can commence an action but cannot serve as a basis for prosecution, absent consent from the defendant (CPL 100.10 [4]; 170.65 [3]). The People cannot announce their readiness for trial with only preliminary jurisdiction, they must have trial jurisdiction (see, People v England, supra).
Converting a complaint to an information requires the filing of a supporting deposition. If the misdemeanor complaint and the supporting deposition "taken together satisfy the requirements for a valid information, such misdemeanor complaint is deemed to have been converted to and to constitute a replacing information” (CPL 170.65 [1]). Once an information is filed the court obtains "Trial jurisdiction” (CPL 1.20 [24]).[1] The conversion of the misdemeanor complaint to an information and the obtaining of trial jurisdiction does not require any action of the court. Although the filing of a new accusatory instrument does require an arraignment of the defendant in which the defendant must be present, the arraignment, in and of itself, is not the act that provides the court with trial jurisdiction.
Applying People v Goss (supra) to the instant case, since ample time still remained to conduct a trial,[2] I hold that the People’s action on June 19, 1995 conferred trial jurisdiction on this court and therefore the statement of readiness of the same *867 day was proper. Accordingly, the period of delay from June 19, 1995 to July 5, 1995 is excluded from speedy trial calculations.
II
The next period of delay in question is the period from December 15, 1995 to January 4, 1996. On December 14, 1995, the People indicated that they were not ready for the hearing. The People claimed they needed five days in order to get ready and the case was adjourned until January 4, 1996. The next day, December 15, 1995, the People filed a statement of readiness. Defense argues that all five days requested by the People on December 14, 1995 should be charged to the People notwithstanding the statement of readiness on the next day. The People counter that they should be charged with only one day: "The People can avoid being charged with delay occasioned by court scheduling by filing a Certificate of Readiness”, citing People v Crandall (164 Misc 2d 234 [Seneca County Ct 1995]). The court disagrees.
People v Crandall (supra), the case cited for this proposition, only applies to the first statement of readiness and not each subsequent announcement. In other words, initial statements of readiness are treated differently for speedy trial purposes than postreadiness announcements. Where the People need an adjournment prior to their initial statement of readiness, all time, no matter how little time the People request, will be charged to them (People ex rel. Sykes v Mitchell, 184 AD2d 466 [1st Dept]). However, where the adjournment is postreadiness, only the time requested by the People on the record at the time of the adjournment will be charged to the People; any additional time added for the court’s convenience will be excluded (supra; People v Reid, 214 AD2d 396 [1st Dept 1995]; see, People v Urraea, 214 AD2d 378 [1995]).
In People v Reid (supra) the People were not ready for trial, and due to the prosecutor’s sickness no one from their office appeared in the courtroom and there was no specific request for a specific date by the People. The court set a date, roughly two weeks, and the following day, the People filed a certificate of readiness. The First Department charged the entire adjournment stating that the certificate of readiness the next day "was too late to alter the adjournment already granted, or responsibility for the delay necessitated thereby” (People v Reid, supra, at 397). In People v Gonzalez (NYLJ, June 16, 1995, at 33, col 5) the Criminal Court applied the above case law to what appears to be the exact fact pattern as the instant case and found *868 that the entire requested time period should be charged. I find no different. In the instant case, the People stated that they were not ready to proceed and requested five days. The People’s action the next day was "too late”. If they were going to be ready the next day, they should have requested the next day and not five days. Therefore, the entire five-day period of delay is charged to the People.
Accordingly, the court finds that these four additional days along with the 75 days the People concede, a total of 79 days, is charged to the People. Since this is less than the statutory maximum under CPL 30.30 (1) (b), the motion to dismiss is denied.

. The complete paragraph relating to the definition of "Trial jurisdiction” reads as follows: "A criminal court has 'trial jurisdiction’ of an offense when an indictment or an information charging such offense may properly be filed with such court, and when such court has authority to accept a plea to, try or otherwise finally dispose of such accusatory instrument” (CPL 1.20 [24]).

. Recently in criminal court, a colleague applying England/ Goss (supra) in a case where the People on the 90th day at 4:21 in the afternoon, filed a supporting deposition and a certificate of readiness, held that since the People waited until minutes before the close of the day and had not sought the defendant’s presence therefore it was impossible to have a trial within the statutory time limit (People v Lee, 95Q053693 [Posner, J.]).