OPINION OF THE COURT
David L. Steinberg, J.
The decision and order of the court is as follows: ordered, that the motion to dismiss on statutory speedy trial grounds pursuant to CPL 30.30 is granted and the misdemeanor complaint is dismissed.
Factual and Procedural Background
By a felony complaint, dated May 11, 2012 and filed on May 14, 2012, the defendant, Darren M. Parker, was charged with conspiracy in the fourth degree, a class E felony (Penal Law § 105.10). The accusatory instrument was sworn to by HPPD Police Officer Kevin Watts who stated the complaint was based “on information and belief, the sources being police investigation made by deponent and statements by witnesses.”
On May 24, 2012, the represented defendant was arraigned and entered a plea of not guilty. The case was adjourned on consent for further proceedings to June 28, 2012.
By letter, dated June 11, 2012 (received June 12, 2012), defense counsel waived the case to the grand jury and stated, “by copy of [t]his letter, I am advising the District Attorney’s Office. My client demands a speedy trial within six months of the date of this waiver.” (Defendant exhibit 2.)
On December 11, 2012, upon the People’s application, the Honorable Peter M. Forman, County Judge, signed an order pursuant to CPL 180.40 returning the case to the Hyde Park Justice Court. That same day, the prosecutor filed the order with this court and by a faxed letter, he requested the court reduce the conspiracy in the fourth degree charge to the misdemeanor charge of conspiracy in the fifth degree, stating it was based on an evaluation of the law and proof in the case. The letter further states, “the People formally state that we are Ready for Trial in the matter, as reduced.” (Defendant exhibit 6.) There is no indication the order or letter stating readiness were served on defense counsel. The fax cover sheet and letter do not indicate a copy was sent to defense counsel.
On December 20, 2012, the court arraigned the defendant on the reduced charge of conspiracy in the fifth degree, a class A *421 misdemeanor (Penal Law § 105.05). The People filed no additional depositions or moved to factually amend the charge. The defendant moved to dismiss the charge on speedy trial grounds pursuant to CPL 30.30 and 170.30 (1) (e) by written motion. The court set a motion schedule and adjourned the case to January 24, 2013.*
Analysis
CPL 30.30 (1) (a) requires the People to be ready for trial and to state their readiness for trial within six months of commencement of a criminal action where, as here, the defendant is accused of one or more offenses, at least one of which is a felony.
The sole issue on this speedy trial motion is whether, under the factual circumstances presented, the District Attorney has made a timely and effective statement of readiness. In People v Kendzia (64 NY2d 331, 337 [1985]), the Court held that a valid statement of readiness for trial under CPL 30.30 requires a communication of readiness on the record to the court and defense counsel at a time when the People are in fact ready to proceed. The key to compliance is the service of a certificate of readiness on the court and counsel, or the announcement of readiness on the record. (People v Smith, 82 NY2d 676 [1993].) A statement of readiness at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock. (People v Cole, 73 NY2d 957, 958 [1989].)
Once the defendant has shown the existence of an unexcused delay greater than the statutory maximum, the burden of showing that the time should be excluded falls on the People. Here, the People do not allege in their answering papers that they served defense counsel with the statement of readiness set forth in the December 11, 2012 letter, and the letter does not indicate that it was served on defense counsel. The court finds the statement of readiness communicated in an ex parte manner on December 11, 2012 was invalid as it was not served on defense counsel. It was not until December 20, 2012, with the defendant and defense in open court, that the statement of readiness was announced in an effective manner.
In addition, where the District Attorney fails to file a jurisdictionally sufficient accusatory instrument within the speedy trial statutory period, the statement of readiness is il *422 lusory. The misdemeanor complaint currently before the court is on complaint of Officer Watts. The factual allegations are entirely hearsay. No supporting deposition has been filed with the court. While Officer Watts refers in the complaint to statements by other witnesses, none have been provided. Accordingly, the misdemeanor complaint is not a trial ready information on which the People can state ready for trial.
Finally, this factual scenario brings into play People v England (84 NY2d 1 [1994]), which held a defendant cannot be brought to trial before arraignment since this is required for a court to acquire jurisdiction over the defendant. Upon the People’s application on December 11, 2012 to reduce the felony complaint to a misdemeanor, it was necessary to arraign the defendant on the reduced charge (CPL 180.50 [3] [d]). In England, the Court held the People’s statement of readiness was meaningless for purposes of CPL 30.30 because arraignment within the statutory period was “impossible.” In People v Goss (87 NY2d 792 [1996]), the Court noted that England did not alter the principle that the People can be ready to proceed to trial prior to the defendant’s arraignment. Rather, England carved out a single exception that a declaration of readiness prior to arraignment is illusory in the “unusual circumstances” where arraignment within the statutory time period is impossible and the impossibility is attributable solely to the People. (Goss at 796-797.)
Here, the defendant waived the case to the grand jury by letter received by the court and the District Attorney on June 12, 2012. The People made a statement of readiness, albeit an ineffective statement, on December 11, 2012. England is fully applicable to such facts, as the filing of the statement of readiness one day prior to the expiration of the speedy trial period on December 12th created the impossibility of arraigning the defendant within the statutory period, and this impossibility is solely attributable to the People.
The enactment and imposition of CPL 30.30 time limits has been strictly construed so that the People have a limited time within which to be ready for trial unless there is an express waiver by the defendant. The court finds the People were not ready for trial on December 11th and continue not to be ready for trial with a nonhearsay misdemeanor information filed with the court, or a waiver by the defendant of his right to be prosecuted by information (CPL 170.65 [3]). Assuming, arguendo, the December 11th letter from the District Attorney was a valid statement of readiness, it rendered impossible the opportunity *423 to arraign the defendant in a timely manner within the statutory period of six months by December 12, 2012.
Accordingly, the motion to dismiss is granted on speedy trial grounds pursuant to CPL 30.30 and the charge is dismissed.

 The People’s answering papers were directed to be filed by January 10, 2013, but were filed two weeks late on January 24, 2013. While not condoning this dilatory filing, the court will consider the answering papers. (CPLR 2005.)