People v Lara (2025 NY Slip Op 50320(U))

[*1]

People v Lara

2025 NY Slip Op 50320(U)

Decided on March 10, 2025

Criminal Court Of The City Of New York, New York County

Brown, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 10, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York,

against
Ana Lara, Defendant.

Docket No. CR-008956-24NY

Defense Attorney Edda Ness, The Legal Aid Society
Assistant District Attorney Alexander Patton, New York County District Attorney's Office

Marva C. Brown, J.

Ana Lara, herein after "defendant," is charged with Forcible Touching (PL 130.52[1]), a class A misdemeanor, and Sexual Abuse in the Third Degree (PL 130.55), a class B misdemeanor. By Notice of Motion to Dismiss, dated January 28, 2025, defense counsel moves to dismiss the accusatory instrument pursuant to Criminal Procedure Law ("CPL") § 30.30. The defense also moved to dismiss arguing that the People's Certificate of Compliance ("COC") was invalid due to their failure to disclose all required discovery. The People responded on February 21, 2025, and the defense filed a reply on March 4, 2025. Upon review of the submissions, the Court file and relevant legal authority, the defendant's motion to dismiss the accusatory instrument based on CPL § 30.30 is GRANTED. 
Pursuant to CPL 30.30[1][b], when a defendant is charged with a misdemeanor punishable by a sentence of more than three months, the prosecution must be ready for trial within 90 days from the commencement of that criminal action. CPL 1.20[17] defines "[c]ommencement of criminal action" as follows: "A criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court, and, if more than one accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed." To satisfy the initial burden under CPL 30.30, the defendant need allege "only that the prosecution failed to declare readiness within the statutorily prescribed time period" (People v Luperon, 85 NY2d 71, 77-78 (1995); see also People v Goode, 87 NY2d 1045, 1047 [1996]). Once the defendant has alleged that more than the statutorily prescribed time period has elapsed since the commencement of the action, the prosecution bears the burden of establishing sufficient excludable delay (see People v Berkowitz, 50 NY2d 333, 349 [1980]). 
On March 28, 2024, an accusatory instrument was filed commencing this action. On March 29, 2024, the defendant was arraigned, bail was set, and the case was adjourned to April 3, 2024, for conversion. The People correctly concede that this time is chargeable. (6 days charged)
On April 3, the People were not ready for trial, and the case was adjourned to May 3, 2024, for trial. The People did not file a COC or COR during this time period. The People [*2]correctly concede that this time is chargeable. (30 days charged; 36 total)
On May 3, the People were not ready, and the case was adjourned to June 28, 2024, for trial. On June 25, 2024, the People served and filed a superseding information, along with a supporting deposition via EDDS. On June 26, 2024, at 7:00 p.m. and 90 days from the defendant's arraignment, the People filed a COC and COR via the New York State Unified Court System's Electronic Document Delivery System (EDDS).
First, the defense's argument that the People's June 27th readiness declaration was invalid because the defendant had yet to be arraigned on the superseding information is incorrect. The Court of Appeals has made it clear that the People can declare readiness before a defendant is arraigned, (see, e.g., People v Blue, 42 NY3d 584, 598 [2024], rearg denied, 42 NY3d 1073 [2025]), so long as arraignment of the defendant isn't legally impossible (see People v England, 84 NY2d 1, 3-5 [1994] [because CPL 210.10(2) requires that an indicted defendant be given at least two days notice of the arraignment date, the People's readiness statement made on the last day of the speedy trial period was "meaningless"]; c.f. People v Goss, 87 NY2d 792 [1996] [where it is "possible for the defendant to be arraigned and the trial to proceed" pre-arraignment statements of readiness are valid]). Here, the defendant could have been arraigned within the speedy trial period on the SSI on June 27, 2024.Therefore, the fact that the defendant was not arraigned on this SSI until the speedy trial period had elapsed had no effect on the validity of their June 27th statement of readiness. 
However, the People's COR was invalid for a different reason — specifically, the People's failure to file their certificate of readiness within the speedy trial period. "'[R]eady for trial' in CPL 30.30(1) encompasses two necessary elements. First, there must be a communication of readiness by the People which appears on the trial court's record. This requires either a statement of readiness by the prosecutor in open court, transcribed by a stenographer, or recorded by the clerk or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record" (People v Kendzia, 64 NY2d 331, 337 [1985]). Second, "the prosecutor must make his statement of readiness when the People are in fact ready to proceed. The statute contemplates an indication of present readiness, not a prediction or expectation of future readiness" (id.). 
The People's COC and COR, which were filed on EDDS at 7 p.m. on the 90th day, do not satisfy either necessary readiness element. First, EDDS is not "open court", nor is it the equivalent of an in-person filing with a court clerk. Notably, the homepage for EDDS, which must be accessed for electronic filing, includes the following advisory: "A document sent through the Electronic Document Delivery System (EDDS) with a request for filing should be treated as 'filed' only upon receipt of notice from the court clerk or County Clerk (or upon publication of notice on a County Clerk web page) that the document has been accepted for filing"[FN1]
 (emphasis added). The system itself recognizes that when attorneys file documents in EDDS, they are merely making a request for the documents to be filed. Therefore, it would be impossible for any documents uploaded to the system after the clerk's office is closed to formerly make it to the court record. Here, having been filed at 7 p.m. after the close of business, the People's COC and COR were not processed and placed in the court file until the next day on June 27, 2024. This was 91 days from the defendant's arraignment and after the [*3]speedy trial period had expired. 
Additionally, the People did not make their initial statement of readiness when they were, in fact, ready to proceed to trial. A statement of readiness for a trial which cannot happen because courts are closed is meaningless and cannot stop the speedy trial clock. As stated by the Court of Appeals, "[w]e have on several occasions made clear that readiness is not defined simply by an empty declaration that the People are prepared to present their direct case" (People v England, 84 NY2d 1, 4 [1994]). The People's COR, which was filed at a time when a trial could not commence was just that, and as such, was unable to stop the speedy trial clock. The People did not do "all that [was] required of them to bring the case to a point where it may be tried" when their first statement of readiness was made when trial was impossible, and through no fault of the court (id. at 5, quoting People v McKenna, 76 NY2d 59 [1990]). 
While some courts have upheld readiness statements made after business hours on the last speedy trial day, none of these cases are binding on this court. Further, this court believes that those holdings conflict with well-established Court of Appeals precedent (see also People v Antoine, 85 Misc 3d 1203[A] [Crim Ct, Queens County 2025] ["the High Court has ruled that prosecutors cannot state ready at a time that makes 'trial within the statutory period impossible.' The advent of EDDS is irrelevant to this doctrine. It allows for documents to be filed after hours, not for trials to be conducted at night."], quoting People v Goss, 87 NY2d 792, 798 [1996]; People v Ortiz, CR-001680-23NY [Crim Ct, NY County 2023] ["a COR must be filed and served by 5 PM in order to stop the clock on the calendar date of the filing"], citing People v Carter, 91 NY2d 795, 798 [1998] and England, 84 NY2d at 4; People v Miller, 75 Misc 3d 215, 220 [Crim Ct, Kings County 2022] ["The formula enunciated in Kendzia makes it clear that the submission of the People's COC and [COR] must be done before the close of regular business hours in order for the proper filing by the clerk to occur"]; People v Kinch, 75 Misc 3d 741, 744 [Crim Ct, Kings County 2022] [same]). 
Therefore, the earliest the People could have validly declared readiness was on June 27, 2024, when the documents filed through EDDS after business hours could be processed and entered into the formal court record. As such, the People are charged from May 3, 2024, to June 27, 2024. (55 days; 91 days total)
As more than 90 chargeable days have accrued, defense counsel's motion to dismiss pursuant to CPL 30.30 is GRANTED, and this case DISMISSED. The defense's remaining motions are rendered moot. 
Dated: March 10, 2025
HON. MARVA C. BROWN, JCC

Footnotes

Footnote 1: https://iappscontent.courts.state.ny.us/NYSCEF/live/edds.htm