People v Vallejo (2025 NY Slip Op 50724(U))

[*1]

People v Vallejo

2025 NY Slip Op 50724(U)

Decided on May 5, 2025

Criminal Court Of The City Of New York, Queens County

Licitra, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 5, 2025
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
Vallejo, Defendant.

Docket No. CR-037920-24QN

For the People: Melinda Katz, District Attorney of Queens County (by Amir Alimehri)
For Mr. Vallejo: The Legal Aid Society (by Melissa Kaplan)

Wanda L. Licitra, J.

Pending before the court is a motion to dismiss alleging that the prosecution failed to state ready for trial within the required C.P.L. § 30.30 period. The prosecution here charges Mr. Vallejo with one count of theft of services, P.L. § 165.15[3].
Criminal Procedure Law § 30.30, while entitled "speedy trial," is more accurately described as a prosecutorial "readiness rule." (People v. Sinistaj, 67 NY2d 236, 239 [1986]). "The statute does not address problems involving speedy trial rights or due process in the constitutional sense." (Id.). Rather, it was "enacted . . . to address prosecutorial delays." (People v. Labate, 42 NY3d 184, 190 [2024]; see also Sinistaj, 67 NY2d at 239 [observing the statute addresses the "narrow purpose of insuring prompt prosecutorial readiness for trial"]). "[I]n both form and intention," (People v. Brothers, 50 NY2d 413, 417 [1980]), it does so by requiring a court to dismiss a case when the prosecution is "not ready for trial" within a specified time limit. (C.P.L. § 30.30[1]).
The prosecution is "ready for trial" when they "have done all that is required of them to bring the case to a point where it may be tried." (People v. England, 84 NY2d 1, 4 [1994]). In a misdemeanor case filed with a local criminal court, a prosecutor's readiness requires them to file a facially sufficient information, (People v. Colon, 59 NY2d 921 [1983]), and a proper, good-faith certificate of automatic discovery compliance, (C.P.L. §§ 245.50[3], [1]). It also requires that, subject to scheduling, they "have their witnesses available and willing to proceed, and that they have the evidence they need to proceed." (People v. Khachiyan, 194 Misc 2d 161, 165 [Crim. Ct., Kings County 2002] [Farber, J.]). Because the prosecution here charges a misdemeanor punishable by up to 364 days in jail, they had ninety days to become ready, (see C.P.L. § 30.30[1][b])—i.e., to do "all that is required of them" to proceed, (England, 84 NY2d at 4). 
The defense's motion now alleges that the prosecution failed to become ready within those ninety days. This is how such a motion proceeds. First, the defense must "sufficiently allege[] that the People were not ready within the statutory period." (Labate, 42 NY3d at 190 [internal quotation marks omitted]). The burden then shifts to the prosecution to "show[] their entitlement to a statutory exclusion." (Id. [internal quotation marks omitted]). As a part of that requirement, the prosecution "bear[s] the burden of ensuring that the record explains the cause of [*2]adjournments sufficiently for the court to determine which party should be properly charged with any delay." (Id. at 193 [internal quotation marks omitted]; see also id. at 194 ["[W]here, as here, the court grants adjournments after the People have announced the indictment ready for trial, the burden rests on the People to clarify . . . the basis of the adjournment so that on a subsequent CPL 30.30 motion the court can determine to whom the adjournment should be charged."] [internal quotation marks omitted]). Finally, after the prosecution has claimed and proven up exclusions in their response, the defense may "challenge[]" the factual allegations underlying those exclusions "in a reply." (People v. Allard, 28 NY3d 41, 46 [2016]).
The defense here sufficiently makes out their initial burden. Well over ninety days have elapsed since the prosecution commenced this case on November 8, 2024. (See Labate, 42 NY3d at 190 ["Mr. Labate sufficiently alleged that the People were not ready within 90 days as 420 days had elapsed between his indictment the date of his CPL 30.30 motion."]). (The defense filed this motion on March 10, 2025.) The burden therefore shifts to the prosecution to show their entitlement to exclusions.
The prosecution does not claim that they have ever stated ready in this case. Rather, they turn to C.P.L. §§ 30.30[4][c][i] and [4][e] to argue that time should be excluded from their readiness calculation. They assert that they became aware on December 18, 2024, that Mr. Vallejo was incarcerated in Nassau County; that they obtained and mailed judicial orders to produce him in Queens County Criminal Court on December 19, 2024, January 27, 2025, January 28, 2025, and February 27, 2025; and that Mr. Vallejo refused to comply with any of these orders. They provide copies of these orders and note that they include a "force order." (These orders were issued by other judges.) The defense does not contest any of these facts.
Criminal Procedure Law § 30.30[4][c] excludes:
(i) the period of delay resulting from the absence or unavailability of the defendant. A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence; or
(ii) where the defendant has either escaped from custody or has failed to appear when required after having previously been released on bail or on his own recognizance, and provided the defendant is not in custody on another matter, the period extending from the day the court issues a bench warrant pursuant to section 530.70 of this chapter because of the defendant's failure to appear in court when required, to the day the defendant subsequently appears in the court pursuant to a bench warrant or voluntarily or otherwise.
Criminal Procedure Law § 30.30[4][e] excludes:
the period of delay resulting from detention of the defendant in another jurisdiction provided the district attorney is aware of such detention and has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial.
The text of these provisions must be followed carefully. "Ours is a society of written laws." (Bostock v. Clayton County, 140 S.Ct. 1731, 1754 [2020]). "Only the written word is the law, [*3]and all persons are entitled to its benefit." (Id. at 1737). Thus, in statutory construction, "courts should construe unambiguous language to give effect to its plain meaning." (E.g., DaimlerChrysler Corp. v. Spitzer, 7 NY3d 653, 660 [2006]). "[E]ffect and meaning must, if possible, be given to the entire statute and every part and word thereof." (People v. Galindo, 38 NY3d 199, 205 [2022] [internal quotation marks omitted]). Any construction "that would render a provision superfluous is to be avoided." (Majewski v. Broadalbin-Perth Cent. Sch. Dist., 91 NY2d 577, 587 [1998]).
To exclude time, both C.P.L. §§ 30.30[4][c][i] and 4[e] require that the relevant period of delay "result[]" from the accused person's absence or detention. Contrast these provisions with C.P.L. § 30.30[4][c][ii], which contains no such requirement. There, a specific period of time is automatically excluded without any regard as to whether delay resulted from the person's "escape," or "failure to appear [when] not in custody on another matter," and consequent "bench warrant." The court cannot assume that this difference is meaningless. The legislature writes its laws with care and precision, and it chose to impose an extra requirement in C.P.L. § 30.30[4][c][i] and § [4][e] beyond mere absence or unavailability—a choice it forewent in § [4][c][ii]. By the statute's plain text, to show an entitlement to an exclusion under C.P.L. § 30.30[4][c][i] or § [4][e], the prosecution must establish how the accused person's absence or detention in fact resulted in delay.
But here, the prosecution fails to show that Mr. Vallejo's detention in Nassau County and his failure to appear actually caused the delay. The prosecution had a duty to do "all that is required of them to bring the case to a point where it may be tried." (England, 84 NY2d at 4 [emphasis added]). Yet the prosecution here has never stated that it is ready for trial. They make no representations about having witnesses or evidence available or that those witnesses are willing to proceed. In fact, they have not yet filed a certificate of automatic discovery compliance. The prosecution does not claim that Mr. Vallejo's detention or absence prevented them from meeting these necessary obligations. Because the prosecution has not shown it would otherwise have been ready for trial, it fails to establish that Mr. Vallejo's detention and absence "result[ed]" in the delay. Therefore, the prosecution fails to show its entitlement to exclusions under C.P.L. §§ 30.30[4][c][i] or [4][e].
As such, the prosecution has exhausted their readiness time. The case is dismissed.
The foregoing constitutes the order and decision of the court.
Dated: May 5, 2025
Queens, New York
Wanda L. Licitra, J.C.C.