People v Lehman (2025 NY Slip Op 50044(U))

[*1]

People v Lehman (Cassandra)

2025 NY Slip Op 50044(U)

Decided on January 2, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 2, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2022-392 S CR

The People of the State of New York, Respondent,
against
Cassandra Lehman, Appellant. 

Suffolk County Legal Aid Society (Amanda E. Schaefer of counsel), for appellant.
Suffolk County District Attorney (Kathleen Becker Langlan, Marion Tang and Glenn Green of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (John Andrews, J.), rendered January 27, 2022. The judgment convicted defendant, upon a plea of guilty, of assault in the third degree, and imposed sentence. The appeal brings up for review an order of that court denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the judgment of conviction is reversed, on the law, the order denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, defendant's motion is granted, and the accusatory instrument is dismissed.
Insofar as is relevant to this appeal, on March 2, 2021, defendant was arraigned on an accusatory instrument charging her with assault in the third degree (Penal Law § 120.00 [1]). On May 26, 2021, the People filed a certificate of compliance (COC) and statement of readiness (SOR), which included a certification pursuant to CPL 30.30 (5-a). In August 2021, defendant moved to strike the COC on the ground that it was improper because, among other things, the People had failed to timely provide the defense with specified discovery materials, and for dismissal of the accusatory instrument on statutory speedy trial grounds, which motion the People opposed. By order dated December 3, 2021, the District Court denied defendant's motion, finding, among other things, that a total of 85 days were chargeable to the People. On the Monday prior to the start of trial, defense counsel informed the District Court that the People had belatedly provided him with Internal Affairs Bureau (IAB) reports for the arresting officer on the previous Friday. Counsel objected to this late submission and orally moved to strike the COC and dismiss the accusatory instrument on statutory speedy trial grounds. The District Court denied the motion, finding that defendant had not established that she was prejudiced by the late receipt of these materials. A jury trial subsequently commenced but, prior to the close of the People's case, defendant pleaded guilty to the charge and was sentenced as promised.
With respect to defendant's appellate contention that her motion to strike the COC and dismiss the accusatory instrument on statutory speedy trial grounds should have been granted because the People had belatedly provided the defense with the arresting officer's IAB reports, we note that, as of January 2020, absent an individualized finding of special circumstances, the filing of a proper COC is a prerequisite to the People being ready for trial pursuant to CPL 30.30 (see CPL 30.30 [5]; 245.20, 245.50 [3]; People v Bay, 41 NY3d 200 [2023]; People v Guzman, 75 Misc 3d 132[A], 2022 NY Slip Op 50445[U], *5 [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). In People v Bay, the Court of Appeals stated that "the key question in determining if a proper COC has been filed is whether the prosecution has 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " (Bay, 41 NY3d at 211, quoting CPL 245.50 [1]; see also CPL 245.20 [2]). The Court noted that "the discovery provisions empower—and indeed, require—the trial court to facilitate compliance on the record with these new discovery obligations" (Bay, 41 NY3d at 212-213). If a defendant brings "a CPL 30.30 [speedy trial] motion to dismiss on the ground that the People failed to exercise due diligence and therefore improperly filed a COC, the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure. If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed" (Bay, 41 NY3d at 213 [citations omitted]). Moreover, "a defendant need not demonstrate prejudice [pursuant to CPL 245.80] to obtain speedy trial dismissal based on a failure to timely comply with discovery obligations" (Bay, 41 NY3d at 213), as "CPL 30.30 now requires dismissal if the People did not file a proper COC and the speedy trial period has run. That provision is not qualified by CPL 245.80" (Bay, 41 NY3d at 214).
The requirements that, pursuant to CPL 210.45 (1), a motion to dismiss be made in writing and upon reasonable notice to the People have been waived here, as the People made no objection on these grounds in the District Court when defense counsel orally moved to strike the COC and dismiss the accusatory instrument (see People v Lawrence, 64 NY2d 200, 203-204 [1984]; People v Key, 45 NY2d 111, 116 [1978]). Once the oral motion was made, the People bore "the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure" (Bay, 41 NY3d at 213). In the District Court, the prosecutor responded to the oral motion by arguing that the People had just recently decided to call the arresting officer as a witness, after which they promptly provided the defense with his IAB reports. The People, however, do not make this argument on appeal which argument we now deem abandoned (see People v Witkop, 114 AD3d 1242, 1243-1244 [2014]; People v Romano, 73 Misc 3d 137[A], 2021 NY Slip Op 51154[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]); rather, they argue that defendant's contention has been forfeited by her guilty plea and that, in any event, the reports were not discoverable since they do not pertain to the subject matter of the case. 
Pursuant to CPL 30.30 (6), as of January 2020, an "order finally denying a motion to dismiss pursuant to subdivision one of this section shall be reviewable upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty." Therefore, the People's forfeiture argument lacks merit. Since the People failed to [*2]show that they exercised due diligence and made reasonable inquiries to obtain the arresting officer's IAB reports prior to filing their initial COC in May 2021, we find that the COC was improper, the attendant SOR was illusory, and that defendant's CPL 30.30 statutory speedy trial motion should have been granted, as more than 90 days of delay were chargeable to the People. We note that it is of no import that any belatedly provided material was ultimately not used at trial or found to contain nondiscoverable material since, in the first instance, the People were required to show due diligence and good faith in order to submit a proper COC (see CPL 245.20 [2]; 245.50 [1]; Bay, 41 NY3d at 212). 
We pass on no other issue.
Accordingly, the judgment of conviction is reversed, the order denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, defendant's motion is granted, and the accusatory instrument is dismissed.
GARGUILO, P.J., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 2, 2025