People v Cheng (2025 NY Slip Op 50083(U))

[*1]

People v Cheng

2025 NY Slip Op 50083(U)

Decided on January 27, 2025

Criminal Court Of The City Of New York, Queens County

Licitra, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 27, 2025
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
Cheng, Defendant.

Docket No. CR-027931-19QN

For the People: Melinda Katz, District Attorney of Queens County (by Joseph Cunningham)
For Mr. Cheng: Queens Defenders (by Benjamin Drachman)

Wanda L. Licitra, J.

Pending before the court is a C.P.L. § 30.30 motion. The defense alleges that the prosecution failed to properly certify discovery compliance before stating ready for trial. Upon review of the papers, the motion is denied.
 PROCEDURAL HISTORY
The prosecution commenced this case against Mr. Cheng on September 5, 2019, and they stated ready for trial on that same day. On the next court date, October 15, 2019, Mr. Cheng did not appear, and a warrant issued for his arrest. On March 20, 2020, the Governor of New York suspended various parts of the criminal procedure law, including section 30.30, due to the global COVID-19 pandemic. (Exec. Order [A. Cuomo] No. 202.8). The Governor extended these orders multiple times. (E.g., Exec. Order [A. Cuomo] Nos. 202.14; 202.28; 202.38; 202.48; 202.60]). On October 4, 2020, he ended the suspension of C.P.L. § 30.30 in misdemeanor cases in Queens County. (Exec. Order [A. Cuomo] No. 202.67]; People v. Scott, 80 Misc 3d 126[A], at *1 [App. Term, 2d Dep't, 2d, 11th & 13th Jud. Dists. 2023] [noting that "the provisions of CPL 30.30 were tolled for misdemeanor charges in Queens County" until October 4, 2020]).
On August 20, 2021, Mr. Cheng returned to court. The case was adjourned for the prosecution to comply with their discovery obligations. Off calendar, on November 1, 2021, the prosecution filed a certificate of automatic discovery compliance and stated ready for trial again. Between the next court date, January 14, 2022, and June 30, 2022, the prosecution suggests that time should be excluded on the defense's consent, as the case was pending in Queens Mental Health Treatment Court. On August 11, 2022, Mr. Cheng again did not appear in court, and a warrant for his arrest was stayed. On August 18, 2022, the warrant was issued. The defense does not dispute these assertions and did not file a reply contesting any of these issues.
On February 15, 2024, Mr. Cheng again returned. Between that date and September 16, 2024, the prosecution suggests that time was excluded on the defense's consent for possible disposition. The defense again does not dispute that assertion. On September 16, 2024, Mr. Cheng failed to appear, and a warrant for his arrest was stayed. He returned on September 26, 2024, and a motion schedule was set for the defense to file this C.P.L. § 30.30 motion.

LEGAL ANALYSIS
I. Is the COC requirement relevant to this case?
Effective January 1, 2020, the criminal procedure law requires that the prosecution "shall not be deemed ready for trial" until it has filed a proper certificate of automatic discovery compliance ("COC"). (C.P.L. § 245.50[3]; see also C.P.L. § 30.30[5] ["Any statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of section 245.20."]). This motion therefore raises a predicate question: what relevance does that requirement have to this case, which was commenced before January 1, 2020?
The Court of Appeals' decision in People v. King governs this general issue. (42 NY3d 424, 426 [2024]). In that case, like this one, the prosecution commenced a criminal case and stated ready for trial before January 1, 2020. (Id.). While that case was pending, article 245 and its related amendments took effect. (Id.). The narrow question in King was "whether amendments to the CPL" requiring the prosecution to file a COC before stating ready applied "where the People declared ready for trial before the amendments' effective date." (Id.). King reviewed the amendments and concluded that their language "does not expressly or by necessary implication require . . . retroactive application" to statements of readiness made before January 1, 2020. (Id. at 428). Therefore, "[b]ecause the amendments did not vitiate the People's prior readiness statement," the requirement that the prosecution file a COC before stating ready for trial was not applicable. (Id. at 426).
Reviewing C.P.L. § 30.30 is helpful to understanding the logic and contours of King's holding. Criminal Procedure Law § 30.30 requires the prosecution to state ready for trial within a specified period after commencing a criminal case. To validly state ready, the prosecution must be "actually ready" at the time they say so. (E.g., People v. Brown, 28 NY3d 392, 407 [2016]). Actual readiness means the prosecution has removed all legal impediments to starting trial, (see People v. England, 84 NY2d 1 [1994]), and that, "subject to scheduling, [they] have their witnesses available and willing to proceed, and that they have the evidence they need to proceed," (People v. Khachiyan, 194 Misc 2d 161, 165 [Crim. Ct., Kings County 2002] [citing England, 84 NY2d at 4]; see also England, 84 NY2d at 4 [readiness means that the prosecution has "done all that is required of them to bring the case to a point where it may be tried"]). Once the prosecution validly states ready, their C.P.L. § 30.30 readiness "clock" is tolled. For at that point, they have fulfilled their obligation under the statute: they have become trial ready within the requisite period. (See, e.g., People v. Giordano, 56 NY2d 524, 525 [1982] ["[W]hen the District Attorney had announced his readiness on the record he had satisfied his obligation under C.P.L. § 30.30."]; see also Hon. Lawrence K. Marks, 7 NY Prac., New York Pretrial Criminal Procedure § 9:23 [2d ed. 2024] ["Once the prosecution has declared readiness for trial, it has satisfied its burden under section 30.30."]). As a default matter, therefore, subsequent dates are not relevant; indeed, "once the People have declared their readiness for trial, they are under no obligation to continually repeat that declaration upon each subsequent appearance in court." (People v. Reed, 19 AD3d 312, 313 [1st Dep't 2005]; see also People v. Cortes, 80 NY2d at 214 ["[T]he People are generally not required to declare their readiness repeatedly throughout the pendency of a criminal action."]). A post-readiness "statement of readiness" is generally redundant, and not really a "statement of readiness" as understood by § 30.30 at all. The statute [*2]is principally concerned with the prosecution's initial statement of readiness.
However, if after becoming and stating ready for trial, the prosecution thereafter "actually" causes a delay in their ability to proceed, that delay may also be cognizable under C.P.L. § 30.30. (See, e.g., Cortes, 80 NY2d at 208; People v. Anderson, 66 NY2d 529 [1985] ["[N]otwithstanding that the People have answered ready for trial within the statutory time limit, a postreadiness motion to dismiss may be made."]). This is not simply because of the prosecution's failure to become trial ready within the § 30.30 period, as in a "pre-readiness" posture. Rather, it is because they may be held responsible for actual delay they cause later—like by requesting non-excludable adjournments, (see generally People v. Labate, 42 NY3d 184 [2024]), or by unreasonably delaying motion practice, (People v. McKenna, 76 NY2d 59 [1990]), or by failing to produce an accused person in their custody, (People v. Jones, 66 NY2d 529 [1985]). "[I]t is the People's delay alone that is to be considered" in this context, for that is the "causal relationship" that the statute contemplates. (Anderson, 66 NY2d at 536). This is why the C.P.L. § 30.30 calculation generally proceeds "by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness" and then "adding to the result any periods of postreadiness delay that are actually attributable to the People." (See, e.g., Cortes, 80 NY2d at 208).
Bearing in mind this distinction between te prosecution's readiness in "pre-readiness" and "post-readiness" postures, (see also Hon. William C. Donnino, Practice Commentaries § 30.30, Prereadiness and Postreadiness), the King holding makes sense. If a case was pending on January 1, 2020, and the prosecution had already stated ready beforehand, then the prosecution had already fulfilled their obligation to become ready under the statute. Generally, the only delay thereafter that the statute would contemplate is "post-readiness" delay—actual delays in the prosecution's ability to proceed that the prosecution causes later. That is why, if a court were to impose the COC requirement in such a case as King, they would be making that requirement "retroactive." (See King, 42 NY3d at 428). The "statement of readiness," as contemplated by that requirement and relevant for C.P.L. § 30.30, already occurred. At first blush, therefore, one may think that King should govern this case.
But the traditional "prereadiness/postreadiness" structure falls away when there is a "substantial break" in the proceedings. (See Cortes, 80 NY2d at 214-15). Again, normally, the prosecution is "generally not required to declare their readiness repeatedly throughout the pendency of a criminal action." (Id. at 214). That is because such a declaration is redundant—the prosecution has already declared readiness, and they are, as a legal matter, trial ready. However, whenever there is a "substantial break in the proceeding[s]," then "a new communication of readiness is needed to eliminate guesswork and post hoc rationalizations." (Id.). In People v. Cortes, the Court of Appeals found such a "substantial break" to occur after "the dismissal of an indictment and the filing of a new one." (Id.). "The implication of the rule set forth in Cortes is that the dismissal of an indictment terminates any prior state of readiness as a matter of law." (People v. Fatal, 2002 NY Slip Op. 40031[U], at *4 [Sup. Ct., Kings County 2002]).
In some circumstances, another example of such a "substantial break" may be "the [COVID-19] pandemic and resulting suspension of CPL 30.30." (People v. Jaquez, 71 Misc 3d 1110, 1120 [Sup. Ct., NY County 2021] [Mandelbaum, J.] ["Plainly the pandemic and resulting suspension of CPL 30.30 constituted such a substantial break."]). That was the case here. Between October 15, 2019, and August 20, 2021, there was a substantial gap of time—nearly two years—involving a global pandemic during which criminal prosecutions were seriously [*3]disrupted and various parts of the criminal procedure law and C.P.L. § 30.30 were suspended. Under these circumstances, "a new communication of readiness" was needed to "eliminate guesswork and post hoc rationalizations." (See Cortes, 80 NY2d at 214-15). The prosecution's pre-2020 statement of readiness was terminated as a matter of law.
Therefore, King is not dispositive here. The "statement of readiness" relevant to C.P.L. § 30.30 in this case was not, as in King, the prosecution's pre-2020 statement of readiness. Rather, the relevant statement of readiness was the one the prosecution made on November 1, 2021. And on that date, the criminal procedure law required that the prosecution file a proper, good-faith COC before stating ready for trial. (C.P.L. §§ 245.50[3], 30.30[5]; see also Simonson v. Int'l Bank, 14 NY2d 281, 289 [1964] [newly enacted procedural rules apply to all pending matters]). Incidentally, the prosecution does not dispute this conclusion: they concede that they should be charged with the seventy-three-day delay from August 20, 2021, to November 1, 2021. (See Pr. Resp. at 50-52).
II. Was the prosecution's certificate of compliance proper?
Only because of a couple decisions from our Appellate Term, this court is constrained to find the prosecution's certificate of compliance proper. (People v. Earl, 84 Misc 3d 44 [App. Term, 2d Dep't, 2d, 11th & 13th Jud. Dists. 2024] [police witnesses' misconduct records are not automatically discoverable]; People v. Jawad, 84 Misc 3d 31 [App. Term, 2d Dep't, 2d, 11th & 13th Jud. Dists. 2024] [same]).
Other authority has held differently. (E.g., Matter of Jayson C., 200 AD3d 200 AD3d 447, 449 [1st Dep't 2021] [police witnesses' misconduct records are automatically discoverable]; People v. Lehman, 2025 NY Slip Op. 50044[U] [App. Term, 2d Dep't, 9th & 10th Jud. Dists. Jan. 2, 2025] [same]; People v. Luna, 83 Misc 3d 62 [App. Term, 2d Dep't, 9th & 10th Jud. Dists. 2024] [same]; People v. Hamizane, 80 Misc 3d 7 [App. Term, 2d Dep't, 9th & 10th Jud. Dists. 2023] [same]; People v. Rodriguez, 77 Misc 3d 23 [App. Term, 1st Dep't 2022] [same]; People v. Clark, 83 Misc 3d 1295[A] [Dist. Ct., Nassau County 2024] [Wright, J.] [same]; People v. Gourdine, 83 Misc 3d 1264[A] [Sup. Ct. Kings County 2024] [Daniels-DePeyster, J.] [same]; People v. Bienaime, 83 Misc 3d 1265[A] [Crim. Ct., Kings County 2024] [Hayes-Torres, J.] [same]; People v. Robert K., 83 Misc 3d 1229[A] [Crim. Ct., NY County 2024] [Morales, J.] [same]; People v. Abisdid, 83 Misc 3d 857 [Crim. Ct., Kings County 2024] [Robinson, J.] [same]; People v. Mohammed, 82 Misc 3d 1209[A] [Dist. Ct., Nassau County 2024] [Engel, J.] [same]; People v. Pardo, 81 Misc 3d 858 [Crim. Ct., Bronx County 2023] [Grieco, J.] [same]; People v. Silva-Torres, 81 Misc 3d 1121 [Crim. Ct., NY County 2023] [Rosenthal, J.] [same]; People v. Ramdhani, 79 Misc 3d 1234[A] [Dist. Ct., Nassau County 2023] [Petrocelli, J.] [same]; People v. Juzwa, 81 Misc 3d 1221[A] [Crim. Ct., Queens County 2023] [Gonzalez, J.] [same]; People v. Eleazer, 78 Misc 3d 1222[A] [Crim. Ct., NY County 2023] [Maldonado-Cruz, J.] [same]; People v. Payne, 79 Misc 3d 827 [Crim. Ct., Bronx County 2023] [Bowen, J.] [same]; People v. Rugerio-Rivera, 77 Misc 3d 1230[A] [Crim. Ct., Queens County 2023] [Gershuny, J.] [same]; People v. Figueroa, 78 Misc 3d 1203[A] [Crim. Ct., Queens County 2023] [Licitra, J.] [same]; People v. Critten, 77 Misc 3d 1219[A] [Crim. Ct., NY County 2022] [Wang, J.] [same]; People v. McKinney, 71 Misc 3d 1221[A] [Crim. Ct., Kings County 2021] [Kitsis, J.] [same]; People v. Cooper, 71 Misc 3d 559 [County Ct., Erie County 2021] [Eagen, J.] [same]; People v. Sozoranga-Palacios, 73 Misc 3d 1214[A] [Crim. Ct., NY County 2021] [Stein, J.] [same]; [*4]People v. Polanco-Chavarria, 74 Misc 3d 1210[A] [County Ct., Rockland County 2021] [Schwartz, J.] [same]; People v. Perez, 71 Misc 3d 1214[A] [Crim. Ct., Bronx County 2021] [Johnson, J.] [same]; People v. Castellanos, 72 Misc 3d 371 [Sup. Ct., Bronx County 2021] [Clancy, J.] [same]; People v. Edwards, 74 Misc 3d 433, 440 [Crim. Ct., NY County 2021] [Weiner, J.] ["Since impeachment evidence is relevant to whether the factfinder in the case should believe the witness, that evidence necessarily relates to the 'subject matter of the case.'"]).
III. How much time is charged to the prosecution?
The prosecution commenced this case on September 5, 2019, and they stated ready for trial that day, tolling the C.P.L. § 30.30 clock. Time during which a warrant was out for Mr. Cheng's arrest on this case is also excluded. (C.P.L. § 30.30[4][c][ii]). On August 20, 2021, Mr. Cheng returned, and for the reasons explained above, the prosecution was then obligated to file a proper certificate of discovery compliance and re-state ready for trial. They did so seventy-three days later, on November 1, 2021. The remaining time until now is excluded for Mr. Cheng's failures to appear, (C.P.L. § 30.30[4][c][ii]; People v. Roberts, 2024 NY Slip Op. 51830[U] [App. Term, 2d Dep't, 2d, 11th & 13th Jud. Dists. Dec. 20, 2024]); the defense's consent to adjournments, (C.P.L. § 30.30[4][b]); or motion practice, (see C.P.L. § 30.30[4][a]).
Therefore, the prosecution is responsible for seventy-three days of delay. That is within their ninety-day limit. (See C.P.L. § 30.30[1][b]).
The motion to dismiss is denied.
The foregoing constitutes the order and decision of the court.
DATE: January 27, 2025
Queens, NY
Wanda L. Licitra, J.C.C.